UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BENJAMIN H. BEACH,
#498111,

    Plaintiff,                                      Civil Action No. 21-CV-11200

vs.                                                HON. BERNARD A. FRIEDMAN

GENESEE COUNTY CIRCUIT COURT,
MICHIGAN COURT OF APPEALS, and
MICHIGAN SUPREME COURT,

    Defendants.
_____/

## **OPINION AND ORDER OF DISMISSAL**

This matter is presently before the Court on the Court's own review of the complaint. For the reasons stated below, the Court shall dismiss the complaint pursuant to Fed. R. Civ. P. 12(h)(3) for lack of subject matter jurisdiction.

Plaintiff, who is representing himself, is an inmate in the custody of the Michigan Department of Corrections ("MDOC"). Publicly available information published by the MDOC indicates that plaintiff is serving a life sentence for first degree premeditated murder and other crimes. *See* https://mdocweb.state.mi.us/otis2/otis2profile.aspx?mdocNumber=498111 (last visited May 31, 2021). Plaintiff was sentenced in June 2004 by a Genesee County Circuit Court judge following his conviction by a jury. *See id.* The Michigan Court of Appeals affirmed. *See People v. Beach*, No. 256367, 2006 WL 657085, at *1 (Mich. Ct. App. Mar. 16, 2006), and the Michigan Supreme Court denied plaintiff's application for leave to appeal. *See People v. Beach*, 720 N.W.2d 299 (Mich. 2006). The Michigan Court of Appeals and the Michigan Supreme Court have denied plaintiff's repeated efforts to obtain relief from this judgment. *See People v. Beach*, 953 N.W.2d

391 (Mich. 2021); *People v. Beach*, 859 N.W.2d 702 (Mich. 2015); *People v. Beach*, 859 N.W.2d 512 (Mich. 2015); *People v. Beach*, 809 N.W.2d 574 (Mich. 2012); and *People v. Beach*, 777 N.W.2d 156 (Mich. 2010). Plaintiff also filed a habeas petition in this Court. *See Beach v. Woods*, No. 10-CV-10840 (E.D. Mich.). On plaintiff's motion, the Court stayed the proceedings in that matter in June 2013 "to allow him additional time to prepare an amended habeas corpus petition and, as necessary, to exhaust additional arguments in state court." *Id.*, ECF No. 27 at 2. Plaintiff never asked the Court to lift the stay in that matter, which remains closed for statistical purposes.

In the present case, plaintiff is suing the Genesee County Circuit Court, the Michigan Court of Appeals, and the Michigan Supreme Court "for violating federal law and the U.S. Constitution during the plaintiff's appeal by right and post-conviction process, under MCF 6.500 et seq., MCR 6.428 r[e]issuance of judgment and MCR 6.433 et seq." Compl. at 2. Further, plaintiff states:

> This action is not challenging my conviction process, but only the appellate process and how an adjournment hearing held on January 27, 2004 was concealed by Judge Yuille and the court employees by not docketing the hearing, listing the name of hearing, date and what was the result, under MCR 8.119 et seq. See (Exhibit 1 at p. 2). Judge Yuille then knowing [sic] withheld the ordering of 1/27/2004 Adjournment Hearing transcript for Appeal by right by not listing it on to the claim of appeal form and appointment of counsel. See (Exhibit 2). Notice, he did order the other pretrial hearings that had no value for the purpose of appealing my conviction.

*Id.* Plaintiff claims that the "adjournment hearing" was significant because at that hearing Judge Yuille granted plaintiff's motion to adjourn the trial "for trial counsel . . . to hire the needed independent forensic experts." *Id.* at 4. This allegedly "impeded my access to the court, but also obstructed [plaintiff's appellate counsel's] ability to locate the name of hearing, date and what took place and why." *Id.* at 5. Plaintiff believes the allegedly missing docket entry would show that

2

Judge Yuille "determin[ed] that an expert was needed" and that plaintiff's trial counsel was deficient for failing to hire one. *Id.* at 8. Plaintiff also believes that Judge Yuille "knew he was violating my constitutional rights . . . for not providing the adjournment hearing transcript for appeal by right . . . and . . . for producing a fraudulent prepair [sic] transcription of the appellate record base[d] on inaccurate case register of actions sheet, when he is the gate keeper of the trial court record . . ." *Id.* at 10-11.

Plaintiff asserts that the "circuit court, Michigan Court of Appeals and Supreme Court" have "failed to protect my constitutional rights when presented with claims, issues and arguments that Judge Yuille knowingly impeded me and appellate counsel from obtaining the 1/27/2004 adjournment hearing on appeal by right." *Id.* at 12-13. For relief, plaintiff asks that the Court "reinstate his appeal by right and order Judge Yuille to pay the attorney fees paid to Mr. Faraone in the sum of $15,000.00 dollars for punitive damages and compensatory damages of the filing fees, copy cost and any attorney fees that may be rendered during the trial and appellate process." *Id.* at 13.

The Court has no jurisdiction to grant the relief plaintiff seeks. Whether his appeal of right may be "reinstated," as plaintiff requests, is purely a matter of state law. There is no conceivable basis for this Court to order the Michigan Court of Appeals or the Michigan Supreme Court to reinstate plaintiff's or any litigant's state court appeal. It is also for the state courts, not this Court, to respond to litigants' requests to make corrections to docket entries, to provide hearing transcripts, or to take any other action concerning case management matters. At most, this Court could invalidate plaintiff's conviction and give the prosecutor a reasonable period of time to retry plaintiff, but only in the context of his habeas petition (assuming it were to prevail) and certainly

3

not in the context of the instant civil action. Nor does the Court have any authority to require the trial judge to pay money damages for failing to ensure the correctness or completeness of the docket in one of his cases. Judge Yuille is not a party to this action, and he is entitled to absolute judicial immunity in any event.

When, as in the present case, the Court finds the complaint to be "totally implausible" in the sense that the asserted claims are non-cognizable and therefore the requested relief is unavailable, the Court may dismiss the complaint for lack of subject matter jurisdiction. *Apple v. Glenn*, 183 F.3d 477, 480 (6th Cir. 1999). *See also Hagans v. Lavine*, 415 U.S. 528, 537-38 (1974) (noting that the federal courts have no jurisdiction to entertain "plainly unsubstantial" or "obviously frivolous" claims). Accordingly,

IT IS ORDERED that the complaint is dismissed for lack of subject matter jurisdiction.

Dated: June 1, 2021
    Detroit, Michigan

s/Bernard A. Friedman
BERNARD A. FRIEDMAN
SENIOR UNITED STATES DISTRICT JUDGE